1  Kevin M. Zietz, Esq. (SBN 186244)
   E-mail: kevin@zietzlaw.com
2  LAW OFFICES OF KEVIN M. ZIETZ, PC
   16055 Ventura Boulevard, Suite 432
3  Encino, California 91436
   Tel:  (818) 981-9200
4  Fax: (818) 981-9201

5
   Attorneys for Plaintiff,
6  NERSES MEGUERDITCHIAN

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  NERSES MEGUERDITCHIAN,            |  Case No. :
                                      |
12              Plaintiff,            |
                                      |  **COMPLAINT FOR DAMAGES
13  v.                                |  UNDER THE EMPLOYEE
                                      |  RETIREMENT INCOME SECURITY
14  FEDERAL EXPRESS                   |  ACT**
    CORPORATION LONG TERM             |
15  DISABILITY PLAN; AETNA LIFE       |  **[29 U.S.C. §1132(a)(1)]**
    INSURANCE COMPANY; and            |
16  DOES 1 to 10, Inclusive,          |
                                      |
17              Defendants.           |
                                      |
18
19

20      Plaintiff, NERSES MEGUERDITCHIAN (hereinafter referred to as

21  "Plaintiff"), complains of Defendants FEDERAL EXPRESS CORPORATION

22  LONG TERM DISABILITY PLAN (hereinafter referred to as the "Plan"), and

23  AETNA LIFE INSURANCE COMPANY (hereinafter referred to as "Aetna"), as

24  follows:

25  / / /

26  / / /

27  / / /

28  / / /

**COMPLAINT FOR DAMAGES UNDER ERISA**

**JURISDICTION AND VENUE**

1.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA.  Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2.     The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3.     The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4.     Plaintiff exhausted the appeal process on or about December 6, 2017, at which time she was informed by Aetna that the decision to terminate his Long Term Disability (LTD) benefits as of July 18, 2013 was being upheld, and that he has the right to bring a civil action under section 502(a) of ERISA.

**GENERAL ALLEGATIONS**

5.     Plaintiff is informed and believes and thereon alleges that the Plan is an employee welfare benefit plan established and maintained by his employer, Federal Express Corporation, to provide its employees with long-term disability insurance to pay a portion of a covered employee's income during an extended period of disability.

6.     The Plan can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1). On information and belief, the Plan is either self-funded by Federal Express Corporation, or Aetna is the claims paying administrator of the Plan.

7.     Plaintiff is an individual citizen and resident of the State of California, County of Los Angeles, residing within the Central District of the State of

- 2 -

COMPLAINT FOR DAMAGES UNDER ERISA

1   California.

2      8.     Plaintiff is informed and believes that Aetna and Federal Express

3   Corporation intended the subject Plan would result in coverage being provided to

4   residents of the State of California.

5      9.     Defendants can be found in this judicial district and the Defendant

6   Plan is administered in this judicial district.  The LTD claim at issue herein was

7   also specifically administered in this judicial district.  Thus, venue is proper in this

8   judicial district pursuant to 29 U.S.C.  §1132(e)(3).

9                        **FACTUAL BACKGROUND**

10     10.    At all times relevant hereto, Plaintiff, currently age 62 (DOB:

11  September 3, 1955), was employed by Federal Express Corporation and he was a

12  participant and beneficiary of the Plan.

13     11.    Plaintiff worked for Federal Express Corporation as a Senior Global

14  Vehicle Technician.  He was responsible for bumper-to-bumper mechanic work on

15  all Federal Express Corporation trucks and vehicles.  He was constantly required to

16  lift in excess of 100 pounds.

17     12.    During the course of Plaintiff's employment, Plaintiff became entitled

18  to benefits under the terms and conditions of the Plan.  The event precipitating

19  Plaintiff's disability occurred in December 2010 when he injured his back while

20  lifting a heavy engine at work.  He last worked full-time on January 10, 2011.  He

21  continued to work a modified work schedule until mid-April 2011, and then he

22  ceased working altogether on April 18, 2011.

23     13.    Aetna initially denied Plaintiff's claim for Short-Term Disability on

24  the basis that his application for those benefits were submitted untimely.

25  Thereafter, Plaintiff filed suite in this District with an assigned case number 2:12-

26  cv-10999-ODW (JCx).  In an order dated February 2, 2014, the Honorable Otis D.

27  Wright II held that the Plan's timing rules for filing a claim under the Short-Term

28  Disability Plan were inherently unclear in violation of ERISA's disclosure and

-3-

**COMPLAINT FOR DAMAGES UNDER ERISA**

1   fiduciary requirements (Dkt. 40).

2       14.   Defendants appealed the Judgment Reversing and Remanding
3   Administrator's Decision to the United States Court of Appeals for the Ninth
4   Circuit. In a Memorandum dated April 14, 2016, the Ninth Circuit panel affirmed
5   the decision of the district court (Dkt. Entry 36-1).

6       15.   Following the decision by the Ninth Circuit, Aetna reviewed Plaintiff's
7   Short-Term Disability claim on the merits of the medical information and approved
8   the claim for the period between January 17, 2011 and July 17, 2011. Aetna also
9   approved LTD benefits under the "Occupational Disability" definition for the
10  period between July 18, 2011 and July 17, 2013, on the basis that objective
11  examination findings revealed decreased sensation, decreased reflexes, limited
12  range of motion, positive straight leg raise, cervical and lumbar radiculopathy,
13  multilevel spinal stenosis and cervical and lumbar disc protrusions.

14      16.   Simultaneously with the approval of Plaintiff's Short-Term Disability
15  benefits, and LTD benefits under the "Occupational Disability" definition, Aetna
16  denied LTD benefits beyond July 18, 2013, which is when the "Total Disability"
17  definition in the Plan went into effect.

18      17.   Disability is defined in Section 1.1(l) of the Plan as either an
19  "Occupational Disability" or "Total Disability."  Pursuant to Section 3.3(b)(3) of
20  the Plan, a benefit is paid for Occupational Disability for 24 months. After 24
21  months, the employee must meet the definition of Total Disability which is defined
22  under the Plan at Section 1.1(ii) as "…the complete inability of a Covered
23  Employee, because of a medically-determinable physical or functional impairment
24  to engage in any compensable employment for twenty-five hours per week."

25      18.   Plaintiff was approved for disability benefits by the Social Security
26  effective May 2013.

27      19.   On February 3, 2017, Aetna sent Plaintiff a letter denying LTD
28  benefits. Aetna concluded that although Plaintiff continued to have pain, decreased

- 4 -

1   range of motion, and diagnostic studies revealed lumbar and cervical disc
2   protrusions, the data did not support a functional impairment that would preclude
3   sedentary work in any occupation for a minimum of twenty-five hours per week
4   from July 18, 2013 forward.

5       20.   On August 1, 2017, Plaintiff submitted a timely written appeal wherein
6   he emphasized the fact that Aetna failed to comment on or consider the objective
7   medical evidence confirming the diagnosis of carpal tunnel syndrome which went
8   back as far as 2011. Plaintiff also produced recent diagnostic studies showing
9   significant pathology in the cervical spine and right shoulder.

10      21.   Plaintiff's appeal included a report from an orthopedic surgeon who
11  opined, based upon clinical finding from his examination and all the diagnostic test
12  results, that Plaintiff is not able to carryout heavy lifting, repetitive bending and
13  stooping, or long periods of sitting due to his lumbar spine.  The doctor opined that
14  Plaintiff has nerve entrapments that prevent repetitive motions with the upper
15  extremities, and that the right rotator cuff tear would prevent any work at or above
16  shoulder level.  The doctor opined that Plaintiff was not able to work in a sedentary
17  capacity from July 18, 2013 onward given his lumbar condition, his cervical
18  condition, and due to an inability to use his hands adequately.

19      22.   Plaintiff's appeal included a Transferable Skills Analysis (TSA) that
20  failed to identify any occupations available within the labor market that would be
21  sedentary in nature and not require repetitive cervical motion and prolonged
22  positions of the cervical spine.

23      23.   On or about September 21, 2017, Aetna had Plaintiff's file reviewed
24  by a doctor board certified in orthopedic surgery.   The reviewing doctor opined
25  that the records do not support a functional impairment that would preclude
26  Plaintiff from engaging in any compensable employment for a minimum of
27  twenty-five hours per week from July 18, 2013 to the current time.

28      24.   On or about October 21, 2017, Plaintiff supplemented his appeal with

- 5 -

additional medical records spanning the period between July 22, 2014 and October 1, 2016.

25. On December 6, 2017, Aetna sent Plaintiff a letter denying LTD benefits beyond July 18, 2013. Aetna informed Plaintiff that the Plan is specific regarding the requirement that significant objective finding substantiate eligibility for Total Disability benefits, and Aetna did not believe that this requirement was satisfied in his case.

### COUNT ONE

**For Damages and Benefits Against Defendants**

**FEDERAL EXPRESS CORPORATION LONG TERM DISABILITY PLAN**

**and AETNA LIFE INSURANCE COMPANY**

**(Pursuant to 29 U.S.C. Section 1132(a)(1))**

26. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 25 as if fully set forth herein.

27. The Plan, as amended and restated, has an effective date of June 1, 2006.

28. By letter dated December 6, 2017, despite overwhelming evidence of a covered LTD claim, Aetna erroneously and wrongfully upheld its prior determination denying Plaintiff's claim for LTD benefits. Defendants breached the Plan and violated ERISA in the following respects:

(a) They failed to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even through Defendants had such knowledge, they denied Plaintiff's LTD benefits;

(b) They failed to provide prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in

- 6 -

1   relation to the applicable facts and Plan provisions, for the

2   effective denial of Plaintiff's claim for LTD benefits;

3   (c)   After Plaintiff's claim was denied, Aetna failed to adequately

4   describe to Plaintiff any additional material or information

5   necessary for Plaintiff to perfect his claim along with an

6   explanation of why such material is or was necessary;

7   (d)   They concealed and withheld from Plaintiff the notice

8   requirements Defendants were required to provide Plaintiff

9   pursuant to ERISA and the regulations promulgated thereunder,

10   particularly Code of Federal Regulations ¶ 2560.503-1(f)-(g),

11   inclusive, and;

12   (e)   They failed to properly and adequately investigate the merits of

13   Plaintiff's disability claim and failed to provide a full and fair

14   review of Plaintiff's claim.

15   29.   The weight of the medical and vocational evidence in the

16   administrative record supports a determination that Plaintiff cannot perform the

17   material duties of his occupation or any occupation at least twenty-five hours per

18   week due to medically necessary limitations and restrictions.

19   30.   Plaintiff is informed and believes and thereon alleges that Defendants

20   wrongfully denied his benefits under the Plan by other acts or omissions of which

21   Plaintiff is presently unaware, but which may be discovered in his future litigation

22   and which Plaintiff will immediately make Defendants aware of once said acts or

23   omissions are discovered by Plaintiff.

24   31.   As a direct and proximate result of Defendants' wrongful denial of

25   LTD benefits, Plaintiff contends that Defendants have breached the contract by not

26   paying benefits, payable at the rate of $2,995.24 per month, minus applicable

27   offsets, from July 18, 2013 to the present and continuing.

28   / / /

- 7 -

**COMPLAINT FOR DAMAGES UNDER ERISA**

32.    As a further direct and proximate result of the denial of benefits, and due to LINA'S failure to pay benefits, Plaintiff had to engage the services of an attorney to assist her in recovering benefits due her under the terms of the PLAN. Accordingly, Plaintiff will be entitled to reasonable attorneys' costs and fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

## Count One

1.    Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $2,995.24 per month from July 18, 2013 to the present and continuing;

2.    Interest on said amounts in accordance with law;

3.    For payment of all reasonable attorneys' fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4.    An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

5.    For any further relief that the court deems reasonable and just.

DATED: February 5, 2018          Respectfully submitted,

LAW OFFICES OF KEVIN ZIETZ

By: _____

Kevin M. Zietz
Attorney for Plaintiff
NERSES MEGUERDITCHIAN

- 8 -

**COMPLAINT FOR DAMAGES UNDER ERISA**