# United States District Court
# Central District of California

| | |
|---|---|
| NERSES MEGUERDITCHIAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL EXPRESS CORPORATION LONG TERM DISABILITY PLAN, et al.,<br><br>　　　　　Defendants. | Case No. 2:18-cv-00913-ODW(JC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONDUCT CONFLICT DISCOVERY [37]** |

## I.　INTRODUCTION

Plaintiff Nerses Meguerditchian ("Plaintiff") requests leave of court to conduct discovery in a case governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001–1461 ("ERISA").

Plaintiff worked for Defendant Federal Express Corporation ("Fedex") as a Senior Global Vehicle Technician until January 10, 2011. (Mot. Requesting Order for Leave of Ct. to Conduct Disc. ("Mot.") 1, ECF No. 38.) Aetna Life Insurance Company ("Aetna") is the Claims Paying Administrator for the Long Term Disability Plan ("LTD"). (Def's Resp. to Mot. 2, ECF No. 41.)

Plaintiff brought this lawsuit against Fedex and Aetna (collectively, "Defendants") due to the claim administrator's decision to deny Plaintiff payment of LTD benefits under the Total Disability definition, from July 18, 2013 to the present. As part of Plaintiff's claims, he alleges that there is a structural conflict of interest between Fedex, Aetna, and the physicians they use such that the conflict influenced

"the third-party administrator's decision making." (Mot. 4.) Accordingly, Plaintiff seeks leave of court to conduct discovery regarding the financial relationships between Defendants and the physicians they use to review disability claims. (Mot. 2, 6.)

For the following reasons, the Court **GRANTS** Plaintiff's Motion to Conduct Conflict Discovery in a Case Governed by ERISA. (ECF No. 37.)

## II. ANALYSIS

Generally, "no discovery is allowed in an action in federal court seeking review of a denial of benefits under an ERISA plan." *Klein v. Northwest Mut. Life Ins. Co.*, 806 F. Supp. 2d 1120, 1125 (S.D. Cal. June 29, 2011). However, limited discovery may be allowed where "a plaintiff alleges a structural conflict of interest." *Id.* (internal quotation marks omitted). "[D]iscovery into how and why the decision was made is not allowed except when such evidence is being sought to show the existence of a conflict." *Id.* at 1126 (citing *Harper v. Unum Life Ins. Co. of Am.*, No.1:06cv0893, 2007 WL 1792004 (E.D. Cal. June 19, 2007)).

An ERISA plaintiff does not need to "prove an actual conflict of interest before a court may take into account any potential conflict of interest in reviewing the administrator's decision." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1204 (C.D. Cal. 2007). An ERISA plaintiff is entitled to limited discovery "relevant to the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Id.* at 1205 (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc)) (internal quotation marks omitted). However, such discovery must be narrowly tailored and cannot be a fishing expedition. *Groom*, 492 F. Supp. 2d at 1204; *see also Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, CV No. 03-1381-AS, 2007 WL 649295 at *7 (D. Ore. Feb. 26, 2007) ("[D]iscovery should only be allowed when narrowly tailored to significantly illuminate the conflict's effect on the specific benefit decision under review.").

The Court does not reach the merits of whether there is a structural conflict of interest. The Court only finds that pursuant to *Abatie*, discovery in ERISA cases may be warranted in certain circumstances and that Plaintiff may pursue discovery related to a structural conflict of interest. *See Abatie*, 458 F.3d at 965. Accordingly, Plaintiff should propound his conflict of interest discovery on Defendants, and should Defendants object and/or refuse to respond, then Plaintiff's specific discovery requests should be refiled as motions to compel with Magistrate Judge Choolijian, who will then determine the propriety of such requests including whether the specific requests are narrowly tailored such that they fall within the limited scope of conflict of interest discovery.

### III. CONCLUSION

Accordingly, for the reasons discussed above, the Court **GRANTS** Plaintiff's Motion, and Plaintiff may propound discovery related to the alleged structural conflict of interest.

**IT IS SO ORDERED.**

November 5, 2018

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE